IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-140-CR




JOSEPH MONTEZ BRANDYBURG,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 93-656-K368, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of delivering cocaine and assessed punishment at
imprisonment for twenty-five years. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec.
1, § 481.112, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112,
since amended). We will affirm.

 On August 11, 1993, undercover officer Vernon Matthews purchased two rocks
of crack cocaine in Taylor from a man he knew as "Joe." Matthews identified appellant at trial
as the man who sold him the cocaine. The unlawful delivery was videotaped. Taylor police
officer James Carmona, who had known appellant for five years, testified that the man shown on
tape delivering the cocaine is appellant. An assistant principal at Taylor High School, who had
known appellant for four years, and appellant's probation officer, who had known him for two
years, also testified that the man videotaped selling cocaine to Matthews is appellant. The
videotape was played at trial.

 Appellant's first point of error is that the evidence is legally insufficient to sustain
the conviction. Appellant's argument in support of this point is, in essence, an attack on the
credibility of the State's identification witnesses. The credibility of the witnesses and the weight
to give their testimony are questions for the trier of fact at trial. Tex. Code Crim. Proc. Ann. art.
38.04 (West 1979). The jury obviously believed the State's witnesses and disbelieved appellant's
alibi witness. Viewing the evidence in the light most favorable to the verdict, we believe a
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error one is
overruled.

 In point of error two, appellant contends the district court erred by admitting in
evidence an oral statement appellant made to his probation officer, Tyrone Hobson. During cross
examination, Hobson had been asked by defense counsel if, in the two years he had known
appellant, "you ever heard that he was involved in drugs." Hobson said, "No." On redirect, and
over appellant's objection, Hobson testified that on October 26, 1993, appellant told him he "had
been selling" drugs. Appellant's brief cites no authority and gives no reason why the evidence
in question was inadmissible. At trial, appellant's objection was that the statement was not in
writing. This objection was properly overruled, as there is nothing in the record to indicate that
appellant's statement to Hobson was the product of custodial interrogation. Tex. Code Crim.
Proc. Ann. art. 38.22, § 5 (West 1979). The second point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 25, 1995

Do Not Publish